■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY KEELS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 5, 1978, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The facts upon which the judgment is based have been considered and are determined to have been established. Although sufficient evidence was adduced to support the jury verdict finding defendant guilty of robbery in the first degree, the untoward conduct of the trial prosecutrix mandates a new trial. The record reveals that on February 17, 1978, the complainant, Genara Garcia, purportedly saw defendant outside the store where she was employed. She told the manager of the store, Mr. Montaner, that defendant was the person who had robbed her at gunpoint on Varet Street, Brooklyn, about a month before. Although the trial court permitted Montaner to be a witness for the prosecution, the trial court explicitly and correctly ruled that he could not be questioned about his seeing defendant outside the store on February 17. Notwithstanding such ruling, the prosecutrix thereafter, on three separate occasions, posed questions to Montaner about his viewing defendant on the day in question. Furthermore, and despite the fact that objections of defense counsel were sustained each time, the prosecutrix continually attempted to elicit the fact that Montaner related his conversation with the complainant, about her seeing defendant outside the store on February 17, to her husband. Also notwithstanding previous court rulings to the contrary, the prosecutrix attempted to elicit from the complainant's husband that on February 17, he had had a conversation with Montaner. The trial record reveals that in questioning Police Officer Levinson, one of the arresting officers, the prosecutrix, notwithstanding a trial court ruling to the contrary, questioned Levinson regarding a police form (DD5) which contained inadmissible information. We further note that during her summation, the prosecutrix made a number of improper and prejudicial remarks, not the least of which was an assertion that defense counsel found it easier to create confusion at times than to create clarity. On another occasion the prosecutrix accused the defense counsel of throwing a "red herring" in the face of the jury. Despite the trial court's admonition concerning such remark, the prosecutrix insisted that she was "going to talk to the jury about red herrings" and continued in that vein. Thus, in view of the flagrant and obdurate nature of the prosecutrix' misconduct, the judgment must be reversed and a new trial ordered. Hopkins, J. P., Titone, Lazer and Cohalan, JJ., concur.